UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NORTHLAKE MARINE, INC. And                    CIVIL ACTION
NORTHSHORE MARINE PARTNERS, LLC

VERSUS                                        NO:   07-4745

FIDELITY NATIONAL INSURANCE                   SECTION: "C" (5)
COMPANY and THE NORTHERN
ASSURANCE COMPANY OF AMERICA

## ORDER AND REASONS

Before the Court is defendant Fidelity National Insurance Company's Motion for Summary Judgment Pursuant to F.R.C.P. Rule 56. (Rec. Doc. 26.) Plaintiffs oppose. (Rec. Doc. 28.) Based on the memoranda by parties, the record in this case, and the applicable law, the Court GRANTS IN PART defendant's motion for the following reasons.

## I.   BACKGROUND

The plaintiffs sue for Katrina-related damages allegedly covered by their Standard Flood Insurance Policy ("SFIP") issued by Fidelity National Insurance Company . The undisputed facts indicate that after an inspection of the property in Fall 2005, the defendant paid plaintiffs $205,756.94 under Coverage A for flood damage sustained during Hurricane Katrina. In December 2006, Fidelity re-opened plaintiffs' file to conduct a second assessment, which eventually resulted in an Amended Final Report and additional $7200.90 due to plaintiffs. According to plaintiffs, defendant has not

yet paid this additional sum. Plaintiffs submitted a sworn proof of loss on May 18, 2007. Suit was filed on August 28, 2007.

## II. LAW AND ANALYSIS

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The defendant argues that the plaintiff's failure to file a proof of loss within the one year SFIP deadline with the FEMA waiver[1] requires dismissal under Art. VII(J)(4) and VII(R) of the SFIP.[2] Under 44 C.F.R. § 61, app. (A)(2), art. VII(J)(4), an insured must file a sworn proof of loss

---

[1] On August 31, 2005, David Maurstad, Acting Federal Insurance Administrator, waiving the requirement that the insured file a proof of loss prior to receiving insurance proceeds, and allowing as follows:
> In the event a policyholders disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form or VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form. The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policy holder may file a lawsuit against the insurer within one year of the date of written denial of all or part of the claim as provided in VII.R of the SFIP Dwelling or General Property Form or VIII.R of the SFIP Residential Condominium Building Association Policy Form.

(Rec, Doc. 26-6). *See Eichaker v. Fidelity National Property & Casualty Insurance Co.*, 2008 WL 2308959 (E.D.La.).

[2] Article VII(J)(4)

2

as condition precedent to filing suit on an SFIP. See also C.F.R. § 61 app. (A)(1) art. VII(R) (requiring prior compliance with all policy requirements before filing suit in court). This proof of loss must be filed within 60 days of loss due to flooding, subject to any extensions approved by the Federal Emergency Management Agency ("FEMA"). See 44 C.F.R. §§ 61.13(a), (d), & (e); *Forman v. Fed. Emer. Mgt. Agency*, 138 F.3d 543, 545 (5th Cir.1998). This requirement is a "strict" one; substantial compliance is not sufficient. *Marseilles Homeowners Condo. Ass'n., Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1055-56 (5th Cir .2008) (*quoting Richardson v. American Bankers Ins. Co.*, No. 07-30271, 279 Fed. Appx. 295, 2008 WL 510518, at 299 (5th Cir.)). Rather, the sworn proof of loss requirement "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir.1998)). Nor do principles of constructive waiver or equitable estoppel excuse this obligation. *Marseilles*, 542 F.3d at 1056 (*citing Richardson*, 279 Fed. Appx. at 299). To the contrary, the proof of loss requirement is waived only with "the express written consent of the Federal Insurance Administrator." *Id*. (*citing* 44 C.F.R. § 61, app. A(2), art. VII(D)).

As an initial matter, it is clear that plaintiffs sworn proof of loss for additional payments under Coverage A of their policy was submitted approximately nine months after the deadline of August 2006. Therefore, the sworn proof of loss was untimely and accordingly, plaintiffs' claim under Coverage A is barred.

Plaintiffs oppose dismissal of their claim for "Increased Costs of Compliance" under Coverage D of their policy. Plaintiffs claim that their "Increased Costs of Compliance" ("ICC")[3] claim is still timely. (Rec. Doc. 28 at 6.) Fidelity and the plaintiffs agree that the deadline for completing the repairs and perfecting plaintiffs claim has not yet passed. (Rec. Doc. 28 at 8-10; Rec.

---

[3] ICC expenses, such as elevation, relocation, or demolition, are provided for under § III.D of plaintiffs SFIP (Coverage D). (Id. at 7.)

3

Doc. 32 at 3.) Plaintiffs argue that they have submitted the proper documentation and defendant has refused to pay. Joey LarMartina's sworn proof of loss, submitted on behalf of plaintiffs in May 2007, specifically references compliance costs associated with the City of Slidell's Flood Plan Management Ordinance. (Rec. Doc. 26 at Exh. 1-G, ¶ 5 (a).) Defendant argues that plaintiffs have failed to properly submit their claim and therefore plaintiffs' claim is premature. As plaintiffs' ICC claim is not subject to the same August 2006 deadline as plaintiffs' claim under Coverage A, whether or not plaintiffs' claim for ICC payment is satisfactory is a genuine issue of material fact precluding summary judgment.[4]

Plaintiffs also claim that Fidelity has acknowledged that it owes an additional $7200.90 but has refused to tender payment. Plaintiffs claim that such payment is required under Art. VII (M), which states "loss will be payable 60 days after we receive your proof of loss." The $7200.90 constitutes additional damages under Coverage A and therefore is subject to the August 2006 deadline for submission of sworn proof of loss. Under Fifth Circuit jurisprudence, the requirements must be strictly construed and therefore plaintiffs' claim for this additional amount is barred by their failure to satisfy the preconditions to suit under their policy, namely a timely submission of a sworn proof of loss.

Last, plaintiffs claim that summary judgment is premature. Following submission of the pleadings, the trial date in this matter was continued until October 2009 providing additional time to conduct discovery. As plaintiffs have failed to raise any new or additional evidence in the interim, the Court finds this argument to be moot.

---

[4]Defendant has also indicated a willingness to assist plaintiffs in pursuing their ICC claim.

4

### III. CONCLUSION

Accordingly,

IT IS ORDERED that defendant Fidelity National Insurance Company's Motion for Summary Judgment Pursuant to F.R.C.P. Rule 56 (Rec. Doc. 26) is GRANTED IN PART AND DENIED IN PART and plaintiffs' claim under Coverage A of the policy is hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 28th day of April, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**